# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50359
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 5, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

OSCAR GAEL HERRERA-AVILES, also known as Oscar Gael Aviles-Herrera,

Defendant - Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:14-CR-2300-1

Before BARKSDALE, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Oscar Gael Herrera-Aviles challenges his 41-month sentence imposed following his guilty-plea conviction for illegal reentry into the United States after removal, in violation of 8 U.S.C. § 1326(a). As he did in district court, he contends the sentence is unreasonable because it is greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guidelines sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

Herrera's sentence is within the advisory Guidelines sentencing range; therefore, it is entitled to a presumption of reasonableness. *E.g., United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). Herrera asserts the court failed to account for his personal circumstances, and his motive for re-entering the United States. The court, which was "in a superior position to find facts and judge their import under § 3553(a)", considered Herrera's mitigating contentions, addressed them at sentencing, and imposed a sentence within the advisory sentencing range. *Campos-Maldonado*, 531 F.3d at 339. Accordingly, Herrera's contentions are insufficient to rebut the presumption of reasonableness.

Moreover, our court has repeatedly rejected Herrera's assertion that Guideline § 2L1.2's double-counting of a prior conviction, in calculating a defendant's offense level and criminal history score, necessarily renders a sentence unreasonable. *E.g., United States v. Duarte*, 569 F.3d 528, 529–31 (5th Cir. 2009). Similarly, we have repeatedly rejected substantive-reasonableness challenges based on the alleged lack of seriousness of illegal

reentry. *E.g., United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008); *United States v. Aguirre-Villa,* 460 F.3d 681, 683 (5th Cir. 2006).

Finally, as Herrera concedes, his contention that the presumption of reasonableness should not be applied to his sentence because Guideline § 2L1.2 lacks an empirical basis, is foreclosed by our court's precedent. (He raises the issue only to preserve it for possible further review.) *E.g., Duarte,* 569 F.3d at 530–31; *United States v. Mondragon-Santiago*, 564 F.3d 357, 366–67 (5th Cir. 2009).

AFFIRMED.